UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJ FOSTER and ADAM ELLIS,<br><br>           Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, ET AL.,<br><br>           Defendants | Case No.: 24cv1917-LL-SBC<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>[ECF No. 16] |

Before the Court is Plaintiffs' Motion to Amend Complaint. ECF No. 16 ("Motion" or "Mot."). Defendants filed an Opposition [ECF No. 17 ("Opposition")] and Plaintiffs filed a Reply [ECF No. 18 ("Reply")]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

On August 24, 2024, Plaintiffs BJ Foster and Adam Ellis filed a Complaint in San Diego Superior Court against the Board of Trustees of the California State University, Jennifer Milo, Todd Sneeden, and Andrea Leonard in their individual and official

capacities, for alleged discrimination and retaliation. ECF No. 1-2. Shortly thereafter, on October 16, 2024, Plaintiffs filed a First Amended Complaint ("FAC") for alleged retaliation and discrimination. ECF No. 1-3. In the FAC, Plaintiffs allege that this case "ar[ose] out of a culture of favoritism toward the women's basketball team and disparate treatment of the men's basketball team and their male Coaches, Foster and Ellis at CSUSM [California State University San Marcos]. After Plaintiffs Foster and Ellis reported the gender discrimination against their tea[m] and on behalf of themselves respectively, they were subjected to a series of retaliatory actions which created a hostile environment causing irreparable damage to their careers." FAC at ¶ 14. In sum, Plaintiffs allege that they experienced discrimination and retaliation in connection with their former positions as basketball coaches at California State University San Marcos (hereinafter "CSUSM") which ultimately led to their forced resignations (Plaintiff Foster on April 10, 2023 and Plaintiff Ellis on June 12, 2023). FAC ¶¶ 52, 68. In the FAC, Plaintiffs bring claims for: (1) sex discrimination in violation of the California Fair Employment Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of the FEHA; (3) retaliation for opposing discrimination, harassment, and/or retaliation in violation of the FEHA; (4) sex discrimination in violation of Title IX of the Education Amendments Act of 1972 ("Title IX"); (5) retaliation in violation of Title IX; (6) race discrimination in violation of the FEHA; (7) hostile environment harassment on the basis of gender in violation of the FEHA; and (8) and retaliation for the exercise of First Amendment rights. *Id.*

On October 17, 2024, Defendants removed this action to federal court. ECF No. 1. On December 23, 2024, the Magistrate Judge held an Early Neutral Evaluation conference, and the case did not settle. ECF No. 12. Accordingly, the Court issued a Scheduling Order, which set a deadline of February 11, 2025 for Plaintiffs to file a motion to join parties and/or amend the pleadings. ECF No. 13. Upon a showing of good cause, the Magistrate Judge extended the deadline for Plaintiffs to amend the pleadings until February 25, 2025. ECF No. 14. Plaintiffs' counsel, Suzy Moore, attests:

On several occasions prior to February 18, 202[5], pursuant to the Court

Chambers Rules, and the local rules of this court, Plaintiffs' counsel personally met and conferred with Defense counsel in an attempt to obtain a stipulation to avoid bringing a motion. On February 18, 202[5], Plaintiff sent a red line version of the Plaintiffs' proposed Second Amended Complaint and personally spoke to defense counsel seven (7) court days prior to the motion. On the evening of February 24, 2025, Plaintiffs' counsel was notified by e-mail that Defense counsel refused to stipulate.

ECF No. 16-2, Decl. of Suzy Moore, ¶ 8.

On February 25, 2025, Plaintiffs timely filed the instant Motion. ECF No. 16-1. The Motion seeks to file a Second Amended Complaint ("SAC") to add additional parties who Plaintiffs allege "participated in the retaliation of the Plaintiffs and the search firm agency that participated in the retaliation and discrimination of Plaintiff Ellis." Mot. at 5. Plaintiffs further allege that filing the SAC "will not cause undue delay because this case is in its early stages." *Id.*

## II.     LEGAL STANDARD

Once a party has served its pleading, there is a short period of time when the party may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or permission from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy should be applied with "extreme liberality" to reflect the underlying purpose of Rule 15 "to facilitate decision on the merits, rather than on the pleadings or technicalities."[1] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice to the opposing party is the factor that carries the greatest weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The

---

[1] Citations of rules in this order refer to the Federal Rules of Civil Procedure, unless otherwise stated.

party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

However, once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* ECF No. 24 at 7 (stating that dates and times will not be modified except for good cause shown). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* After a party first shows good cause under Rule 16(b) to amend a pleading after the deadline specified in the scheduling order, then the court may consider whether amendment under Rule 15 is proper. *Id.* at 608.

### III.   DISCUSSION

Plaintiffs seek leave to amend to file a SAC to add the following new Defendants to their case: (1) Associate Athletic Director Morad Shah; (2) Vice President Viridiana Diaz; (3) President Ellen Neufeldt; (4) Renaissance Search and Consulting LLC ("Renaissance"); and (5) Renaissance employee Adam Gordon. Mot. at 2-3. The reasons Plaintiffs seek to add Shah, Diaz and Neufeldt are as follows:

> Based on additional facts and information obtained by Plaintiffs' counsel's investigation and witness interviews, it was discovered that the male athletes had directly reported their reasonable belief that the team and their coaches were being disparately treated to both Vice President Viridiana Diaz and President Ellen Neufeldt. Despite these reports, these administrators failed to take any action to remedy the treatment nor were these men interviewed as part of the Title IX investigation. [] It was further discovered in a footnote in one of the thousands of pages of investigations that Associate Athletic Director Morad Shah had reported that he was aware that Jennifer Milo was responsible for making the decision to hire the national search team because of Plaintiff Adam Ellis' reports of disparate treatment.

Mot. at 2-3.

Further, Plaintiffs allege that their "investigation has revealed that Mr. Gordon was involved in the common scheme and plan to deprive Plaintiff Adam Ellis from being promoted into the position of Head Coach of the Men's basketball team." *Id.* The reason Plaintiffs seek to add Defendant Renaissance is because Plaintiffs' counsel learned "through her investigation of witnesses that this firm reached out to minority candidates prior to Cal State San Marcos posting the Head coach position as they were a DEI firm who were [allegedly] biased against Plaintiff Adam Ellis because of his race and for engaging in protected activity." Mot. at 4 (citing Decl. of Suzy Moore ¶ 6).

Defendants oppose on the grounds that Plaintiffs have failed to "convincingly explain why the Court should overlook their undue delay in seeking to add the new defendants, how their claims are plausible to withstand a motion to dismiss, or why Defendants should be compelled to expend additional time and resources engaging in discovery and motion practice due to the filing of a third complaint." Oppo. at 16-17. Specifically, Defendants argue that:

> Plaintiffs have failed to provide any adequate justification for their delay in seeking to add Shah, Diaz, Neufeldt, Renaissance, or Gordon to this case. The identity and role of these proposed defendants have long been known to Plaintiffs. In fact, Shah, Diaz, Neufeldt, Renaissance, and Gordon are *repeatedly* mentioned in *both* complaints that Plaintiffs have filed in this action through their current counsel.
>
> Second, Plaintiffs' proposed amendments are futile. Plaintiffs' claims under 42 U.S.C. § 1983 improperly seek to make a purely internal employment dispute into a matter of constitutional litigation, and they ultimately rest on bare conclusions and speculation rather than those facts essential to the cause of action. Likewise, Ellis's proposed discrimination claims against Renaissance—the third-party search firm the CSU engaged to run the search for a head coach after Foster resigned—are based on little more than his unsubstantiated opinions about how he 'should' have been 'ranked' when he applied for the position and his twisted and perverse view that efforts to ensure a diverse and inclusive pool of candidates could only mean that he was being discriminated against for being white.
>
> Simply put: Plaintiffs fail to convincingly explain why the Court should

overlook their undue delay in seeking to add the new defendants."
Oppo. at 7 (emphasis in original).

### A. Good Cause Pursuant to Rule 16(b)

The Court finds that Plaintiffs were reasonably diligent in seeking leave to amend the Complaint. It is undisputed that on December 9, 2024, when the parties submitted their Rule 26 Discovery Plan to the Magistrate Judge in advance of the Case Management Conference, Plaintiffs' counsel explicitly stated that she "anticipated filing a motion for leave to amend the operative complaint [the FAC] to add the following defendants: (a) Morad Shah, (b) CSUSM Vice President for Student Affairs, Dr. Viridiana Diaz, who was in charge of the male and female athletic departments during the relevant time period; and (c) CSUSM President Dr. Ellen Neufeldt, all of whom Plaintiffs believe to be decision makers who may have been involved in the retaliation against Plaintiffs for exercising their First Amendment rights." ECF No. 11 at 3-4. Accordingly, Plaintiffs' counsel has been transparent in her intent to seek leave to amend her complaint to add new Defendants[2] less than four months within the filing of the original Complaint in this case. Plaintiffs argue that "although Plaintiffs knew the identities and some of the actions of the newly named Defendants at the time of the filing of the First Amended Complaint, Plaintiffs' counsel had to ensure Plaintiffs had sufficient evidence before involving the additional Defendants as parties to the lawsuit pursuant to the Federal Rules of Civil Procedure, Rule 11." Reply at 2.

The Court in this case is faced with competing Declarations from the parties' respective counsel about when Plaintiffs' counsel had sufficient information to file the instant Motion to Amend. For example, Defendants' counsel attests in his Declaration that

---

[2] Although Plaintiffs' counsel did not initially state in the Rule 26 Discovery Plan that she also intended to add the Renaissance Search and Consulting LLC and Mr. Adam Gordon as Defendants, Plaintiffs argue in the Reply that the extent of their involvement became clear during Plaintiffs' counsel investigation of their search team. Reply at 5; *see also* Moore Decl. ¶ 6.

Plaintiffs were provided with copies of the investigation reports in February 2024. *See* Goodwin Decl. ¶ 9. Plaintiffs' counsel attests in her Declaration that "[a]t the time [she] filed the Complaint, [she] did not have all of the investigatory materials as [she] had to obtain them through BJ Foster's previous attorney" and that "after reviewing the materials, [she] became aware that there would be a need to amend the complaint [to] add additional Defendants." Moore Decl. ¶ 3. Although it is a close call, especially considering these competing declarations, the Court finds it reasonable that Plaintiffs spent some time investigating and gathering sufficient evidence to assert its claims against the additional Defendants. *See e.g., DCD Programs*, *Ltd. v. Leighton*, 833 F.2d 183, 187 (finding no "unjust delay" where plaintiffs waited to move to amend to add a party as a defendant "until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct").

In sum, the Court finds that Plaintiffs were reasonably diligent in seeking to amend the FAC to add the additional Defendants and thus have shown good cause to amend after the deadline has passed. *Johnson*, 975 F.2d at 609.

**B. Factors for Rule 15 Amendment**

Plaintiffs contend that it meets all five factors that courts consider in deciding a motion for leave to amend under Rule 15. Mot. at 6-10. Defendants argue that Plaintiffs have delayed in bringing their Motion, that Plaintiffs' proposed amendments are futile, and Defendants would be prejudiced in having to spend additional time and resources in responding to a third complaint. Oppo. at 7-8.

    **a. Undue Delay**

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

For all the reasons discussed above in deciding diligence and good cause under Rule 16(b), the Court finds Plaintiffs were not sufficiently aware of the additional Defendants roles in the underlying litigation when it filed its FAC and did not unduly delay

in moving to amend to add the additional Defendants. *See supra* Section III.A.

### b. Prejudice

Defendants argue that they will suffer prejudice if leave to amend is granted because "the Court's Scheduling Order carefully limited the amount of discovery allowed in this case, *see* ECF No. 13, and Defendants have already served close to the number of requests and interrogatories allotted based upon the claims and allegations asserted in the FAC." Oppo. at 18. Defendants state that they "will need permission to conduct a significant amount of additional discovery to address the claims against new defendants and the new allegations in the SAC" which will "increase the time and costs attendant to such discovery efforts…" *Id.*

The Court finds Defendants have not shown they will incur substantial prejudice. Although the Scheduling Order may need to be slightly modified to allow for some additional requests for production and interrogatories, the additional Defendants have already been involved in the litigation and adding them does not substantially alter the nature of the litigation. *See Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *14 (S.D. Cal. Mar. 12, 2019) ("Prejudice is minimal when the proposed amendment is consistent with discovery that has already occurred.").

The Court does not find the increased cost, time, and discovery would be so great as to prevent amendment in this situation where the additional Defendants have already been known by the Plaintiffs, their names have already been exchanged in the significant discovery already exchanged in this case, and the proposed amendments will not significantly change the nature of the case. *See e.g., DCD Programs,* 833 F.2d at 187 (finding no prejudice to newly added defendant because the case was still in discovery with no pending trial date).

/ / /

/ / /

/ / /

### 3. Futility of Amendment

Defendants argue extensively in their Opposition whether the proposed amendments are futile. *See* Oppo. at 18-27. However, the Court finds that Defendants' arguments are more appropriately brought in a responsive pleading to the SAC.

### 4. Weighing Factors

There is no evidence of bad faith in this case, and for the reasons stated herein, the Court finds that there is no undue delay, no substantial prejudice, and no futility of amendment. In sum, the Court finds its assessment of the factors to weigh in favor of granting leave to amend.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion to File the SAC as set forth as Exhibit A to Plaintiffs' Motion. *See* ECF No. 16. Plaintiffs are **ORDERED** to file a clean copy on the docket on or before **May 9, 2025**.

**IT IS SO ORDERED**.

Dated:  May 6, 2025

Honorable Linda Lopez
United States District Judge